into possession under an agreement with Bliss and Sneden, the owners, to occupy them temporarily and then to remove their tracks to another location. In 1860 the land was conveyed by Bliss and Sneden to the plaintiff.

Nothing was done by the company in performance of the verbal agreement. In 1858 the road and its appurtenances were sold under foreclosure, and Abraham S. Hewett became the purchaser, and subsequently conveyed to the New York and Flushing Railroad Company. The defendant succeeds to this company and claims that the deed from Hewett to the New York and Flushing Railroad Company gave that company such a color and claim of title that the deed from Bliss and Sneden was void under our statute. The General Term *held*, that there were two answers to this : First, Bliss and Sneden permitted the Flushing Railroad to occupy and the railroad company accepted the occupancy by permission of them. (*Luce* v. *Carley*, 24 Wend., 451.) In the second place, the deed from Hewett to the New York and Flushing Railroad Company, and from the referee to him, were not intended to convey the lands in question.

*W. Bloomfield*, for plaintiff. *E. B. Hinsdale*, for defendant.

Opinion by BARNARD, P. J.

Present — BARNARD, P. J., and TALCOTT, J.

Judgment affirmed, with costs.

---

LEWIS Y. WIGGINS AND ANOTHER, RESPONDENTS, *v.* THE ERIE RAILWAY COMPANY, APPELLANT.

*Common-carrier — bill of lading exempting carrier from damages for delay or loss — authority of agent to accept — consideration.*

APPEAL from a judgment in favor of the plaintiffs, entered upon the verdict of a jury.

This action was brought to recover the value of a car load of refined petroleum oil, which was destroyed by fire while in defendant's possession. The plaintiffs, residing in Newburgh, being

about to purchase oil at Buffalo, on July 9, 1873, sent a letter to the general freight agent of the defendant as follows: " We wish to avail ourselves of the exceeding low price of oil, and propose shipping from Buffalo to Newburgh; hence we would like very much to get your lowest rates to Newburgh, Paterson and Newark." The general freight agent replied, under date of July eleventh, giving the price at twenty-five cents per 100 pounds. The plaintiffs purchased the oil in question from Thayer & Riddell, at Buffalo, and sent them the letter, and directed them to send the oil by defendant's road to Newburgh. Thayer & Riddell, on July fourteenth, shipped the oil as directed, showing the letter to the defendant's freight agent at Buffalo, and took from the latter a bill of lading, in the body of which they wrote the word " Released," meaning thereby that the company was released from all damages that might result from delay in the transportation or loss of the oil. The car containing the oil in question started from Buffalo in a train of seventeen cars, at six P. M. on July seventeenth, and proceeded as far as Attica, where it was detached and placed on a side track, where it remained until between one and two o'clock the following morning, when it was, with its contents, entirely consumed by fire.

The General Term *held,* that Thayer & Ridell had no authority to vary the contract between the plaintiffs and the defendant, and that in any event there was no consideration for the release, as there was no reduction in the rate of transportation from the price referred to in the letter of the agent.

*Cassedy & Brown,* for appellant.   *E. Brewster,* for respondents.

Opinion by BARNARD, P. J.

Present — BARNARD, P. J., TAPPEN and TALCOTT, JJ.

Judgment affirmed, with costs.